UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
COURT FILE NO: CV-

| | |
|---|---|
| NOELLE D JOHNSON )<br>**Plaintiff** )<br>v. ) <br> )<br>DYNAMIC RECOVERY SOLUTIONS, LLC )<br>d/b/a DYNAMIC RECOVERY SOLUTIONS )<br>**Defendant** )<br> ) | **COMPLAINT**<br><br><br><br><br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

### I. JURISDICTION AND VENUE

1. Jurisdiction of this Court arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. section 1692 *et seq* (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, false, deceptive, misleading and unfair practices.

2. Venue is proper in this District because Defendant transacts business within this District, the acts and transactions occurred in this District, and Plaintiff resides in this District.

### II. PARTIES

3. Plaintiff NOELLE D. JOHNSON ("Plaintiff") is a natural person residing at 2195 W. Lehigh Avenue, Philadelphia, Pa 19132. Because Plaintiff is allegedly obligated to pay a debt that is the subject of this case that was primarily used for family, personal or household purposes, namely, a credit card, she is a consumer within the meaning of FDCPA, 15 U.S.C. § 1692a(3).

4.  Defendant DYNAMIC RECOVERY SOLUTIONS, LLC d/b/a DYNAMIC RECOVERY SOLUTIONS ("DRS") is upon information and belief, a limited liability corporation located at 135 Interstate Boulevard, Greenville, SC 29615, and, at all times relevant herein, operated as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6) and acted by and through its owners, managers, officers, shareholders, authorized representatives, partners, employees, agents, attorneys and/or workmen.

5.  Defendant, at all times relevant hereto, are persons who used an instrumentality of interstate commerce or the mails in a business the principal purpose of which was the collection of debts, who regularly collected or attempted to collect, directly or indirectly, debts owed or due asserted to be owed or due another, and/or who, in the process of collecting its own debts, used a name other than its own which would indicate that a third person was collecting or attempting to collect such debts.

### III. FACTUAL ALLEGATIONS

6.  On or about April 17, 2014, Plaintiff's mother, Sheila A. Johnson, received a phone call from Defendants' representative, at her home at approximately 9:00 am.

7.  Ms. Johnson answered the phone the DRS representative said "Noelle Johnson." Plaintiff's mother informed the rep that she was not Noelle Johnson.

8.  Ms. Johnson informed the DRS representative that she was not Noelle Johnson. Despite knowing that she had not called Noelle Johnson, the DRS representative identified herself as being from DRS and in a manner that gave Sheila Johnson the impression she was collecting a debt. She then instructed Sheila Johnson, "to get a piece

of paper and pen and write down this number and give it to Noelle." The phone number given by the DRS representative was DRS's phone number.

9. Ms. Johnson declined DRS's Representatives' request. The DRS representative then requested Plaintiff's current location and place of employment.

10. On November 19, 2014, Plaintiff spoke by telephone with a DRS representative.

11. During the aforesaid call, the DRS representative informed Plaintiff that she owed money on a 2005 T-Mobile account

12. During the telephone conversation, the DRS representative told Plaintiff that it was her "moral obligation to take care of it" and that the account "could have been paid off by now".

13. The DRS representative failed to inform Plaintiff that any collection activity on the account was well past the applicable Statute of Limitations for legal process.

14. Plaintiff never received a letter from Defendant informing her of her rights pursuant to 15 U.S.C. § 1692g.

15. The account in question was satisfied several years ago by Plaintiff.

16. The aforesaid actions of the Defendant are material, deceptive, false and misleading under the FDCPA in that:

    a. Defendant failed to limit its call and communications to stating that it was confirming or correcting location information of Plaintiff;

    b. Defendant requested that a third party pass messages to Plaintiff;

    c. Defendant gave the impression to a third party that it was collecting a debt;

    d. Defendant failed to send written notice to Plaintiff within five (5) days

of its initial communication;

    e.    Defendant was attempting to collect a non-existent debt.

17. Defendant knew or should have known that its actions, as aforestated, violated the FDCPA and relevant state statutes and the Defendant could have taken the appropriate actions to comply with the applicable law but failed and neglected to do same and failed to adequately review their actions to insure compliance with said law.

18. At all times relevant hereto, the conduct of the Defendant, as well as that of their agents, servants and/or employees, was intentional, willful, reckless, negligent and in wanton disregard for state and federal law and the rights of the Plaintiff herein.

## IV. CAUSES OF ACTION

### COUNT I
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. section 1692, et seq.

19. Plaintiff incorporates her allegations of paragraphs 1 through 18 as though set forth at length herein.

20. Defendant's actions as aforestated are false, deceptive, material and misleading to Plaintiff as follows:

    (a)    Defendant violated 15 U.S.C. § 1692b(1) by failing to state that it was confirming or collecting location information.

    (b)    Defendant violated 15 U.S.C. § 1692c by communicating a consumer's debt with a third party not authorized by law.

    (c)    Defendant violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person.

    (d)    Defendant violated 15 U.S.C. § 1692e by making false, deceptive, or misleading representation or means in connection with the debt collection.

(e) Defendant violated 15 U.S.C. § 1692e(2) by misrepresenting the character, amount or legal status of the alleged debt.

(f) Defendant violated 15 U.S.C. § 1692f by using unfair and unconscionable means to attempt to collect Plaintiff's alleged debt.

(g) Defendant violated 15 U.S.C. § 1692f(1) by attempting to collect any amount not authorized by the agreement creating the debt or permitted by law.

(h) Defendant violated 15 U.S.C. § 1692f(1) by failing to send written notice of Plaintiff's rights to validate and/or dispute the alleged debt.

21. As a direct and proximate result of the Defendant's illegal collection efforts, Plaintiff has suffered damages in the form of attorneys' fees, costs and expenses.

22. As a direct and proximate result of Defendant's illegal collection efforts and communications, Plaintiff has suffered mental anguish, emotional distress, anger, anxiety, and frustration, fear, embarrassment and humiliation.

23. Plaintiff has been seriously damaged by Defendant's violations of the FDCPA and is entitled to actual damages, compensatory damages, costs and attorneys' fees.

24. As a result of the foregoing violations of the FDCPA, Defendant is liable to Plaintiff for actual damages, statutory damages, attorneys' fees and costs in accordance with 15 U.S.C. § 1692k.

## CLAIMS FOR RELIEF

25. Plaintiff incorporates her allegations of paragraphs 1 through 25 though set forth at length herein.

26. The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the FDCPA including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692, et seq.

27. As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. §1692k(a)(1); statutory damages in amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Noelle D. Johnson prays that judgment be entered against Defendant for the following:

(1) Actual damages;

(2) Statutory damages in the amount of $1,000.00;

(3) Reasonable attorneys' fees and costs;

(4) Declaratory judgment that the Defendant's conduct violated the FDCPA;

(5) Such other and further relief that the Court deems just and proper.

### V. DEMAND FOR JURY TRIAL

Plaintiff is entitled to and hereby respectfully demands a trial by jury.

Respectfully submitted,

*/s/ Michael P. Forbes*

Law Office of Michael P. Forbes, P.C.
By: Michael P. Forbes, Esquire
Attorney for Plaintiff
Attorney I.D. #55767
200 Eagle Road
Suite 220
Wayne, PA 19087
(610 293-9399

(610)293-9388 (Fax)
michael@mforbeslaw.com
Attorney for Plaintiff, Noelle D. Johnson